```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         BECKLEY
```

**OSCAR L. FINLEY,**

    **Plaintiff,**

                                      **Case No. 5:07-cv-00807**

**JIM RUBENSTEIN, Commissioner
of Corrections,
DAVID BALLARD, Warden,
SGT. JEFFERY HILEWITZ, COII,
DENVER RUSSELL,
BRIAN GREENWOOD, Institutional Magistrate,
CONNIE FAY DORFNER, Phy. Assit. Employee
of Corr. Medical Services,
TERESA TAYLOR, Director of Nurses,
Employee of Corr. Medical Services,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff, Oscar L. Finley, an inmate serving a sentence of life imprisonment without possibility of parole at Mount Olive Correctional Complex, filed the instant action with an Application to Proceed Without Prepayment of Fees ( # 8) on December 11, 2007. On February 11, 2008, Plaintiff filed an Amended Complaint (# 7). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and is referred to the undersigned Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Prison Litigation Reform Act of 1996 ("PLRA") provides that a sanction be imposed on those prisoners who file meritless lawsuits repeatedly.

> In no event shall a prisoner bring a civil action . . . <u>under this section</u> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). [Emphasis added.] The "section," 28 U.S.C. § 1915, is the statute which generally permits the filing of a lawsuit in a federal district court without prepayment of the $350 filing fee. If a prisoner has, on 3 or more prior occasions, filed a case in a federal district court which was dismissed for being frivolous, or malicious, or for failing to state a claim upon which relief may be granted, then on the fourth and subsequent cases, the prisoner will be required to pay the filing fee in full before proceeding with the action. The only exception is if the prisoner is "under imminent danger of serious physical injury."

This is the fourth <u>pro se</u> case filed by Plaintiff in this United States District Court since the passage of the PLRA. (He filed at least two cases prior to 1996.) The three prior cases are as follows:

1. <u>Finley v. Painter</u>, No. 5:99-cv-00765 (S.D. W. Va., June 26, 2000)(Haden, C.J.); "dismissed for being malicious and for failing to state a claim upon which relief can be granted;"

2.  <u>Finley v. Painter</u>, No. 5:00-cv-00209 (S.D. W. Va., January 31, 2001)(Faber, J.); "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted;"

3.  <u>Finley v. Rubenstein</u>, No. 2:03-cv-00066 (S.D. W. Va., Mar. 11, 2004)(Haden, J.); dismissed for failure to state a claim upon which relief can be granted.

The undersigned has carefully reviewed Plaintiff's Amended Complaint and has determined that Plaintiff claims that in late 2007, he sustained an injury, was denied "proper" medical treatment, disciplined, found guilty, and placed in segregation. He asserts that his rights to due process of law and to be free of cruel and unusual punishment have been violated. Plaintiff has also filed a motion for temporary restraining order (# 10), seeking an order to prevent the defendants from retaliating, threatening, or punishing Plaintiff. None of the documents contains an assertion that Plaintiff is in imminent danger of serious physical injury.

Accordingly, the court proposes that Judge Johnston **FIND** that, while incarcerated or detained, Plaintiff has previously filed at least three actions in a court of the United States which have been dismissed as frivolous, malicious or for failure to state a claim, and that Plaintiff's present Complaint fails to state any facts indicating that he is under imminent danger of serious physical

injury.

Therefore, it is respectfully **RECOMMENDED** that Judge Johnston deny Plaintiff's Application to Proceed without prepayment of fees or costs (# 8), deny Plaintiff's motion for temporary restraining order (# 10), give Plaintiff ten (10) days in which to pay the $350 filing fee and, if he fails to do so, dismiss this action with prejudice.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of this "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United

States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

    March 20, 2008                               *Mary E. Stanley*
        Date                                      Mary E. Stanley
                                                  United States Magistrate Judge