# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

OSCAR L. FINLEY,

        Plaintiff,

v.                        CIVIL ACTION NO. 5:07-cv-00807

CONNIE JANE DOE and
TERESA TAYLOR,

        Defendants.

## MEMORANDUM OPINION

Pending before the Court are Plaintiff's (1) Amended Complaint [Docket 7]; (2) Application to Proceed Without Prepayment of Fees [Docket 8]; and (3) Motion for Temporary Restraining Order [Docket 10]. By Standing Order entered August 1, 2006, and filed in this case on December 11, 2007, this matter was referred to Magistrate Judge Mary E. Stanley for the submission of proposed findings and a recommendation (PF&R). The magistrate judge filed her PF&R [Docket 12] on March 20, 2008, recommending that the Court: (1) find that, while incarcerated or detained, Plaintiff has previously filed at least three actions which have been dismissed as frivolous, malicious or for failure to state a claim; (2) find that Plaintiff's amended complaint fails to state any facts indicating that he is under imminent danger of serious physical injury; (3) deny Plaintiff's application to proceed without prepayment of costs; (4) deny Plaintiff's motion for restraining order; and (5) give Plaintiff ten days in which to pay the $350 filing fee.

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge Stanley's PF&R were due by April 4, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Plaintiff timely filed his Objections to the PF&R [Docket 13] on April 2, 2008.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that his rights to due process of law and to be free of cruel and unusual punishment had been violated. Accompanying his complaint, Plaintiff filed an application to proceed without prepayment of fees. The Prison Litigation Reform Act of 1996 (PLRA) has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The PF&R lists three cases Plaintiff has previously filed in this Court that were dismissed on the grounds that they were either frivolous, malicious, or failed to state a claim upon which relief may be granted: *Finely v. Painter*, 5:99-cv-00765 (S.D. W. Va. June 26, 2000) (Haden, C.J.); *Finley*

2

*v. Painter*, 5:00-cv-00209 (S.D. W. Va. Jan. 31, 2001) (Faber, J.); and *Finely v. Rubenstein*, 5:03-cv-00066 (S.D. W. Va. Mar. 11, 2004) (Haden, J.).

In his objections, Plaintiff states that these cases should not count as "strikes" under § 1915(g) because they were dismissed due to his failure to exhaust his administrative remedies. *See Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006) (holding that a routine dismissal for failure to exhaust administrative remedies does not count as a "strike" for purposes of § 1915(g)). Contrary to Plaintiff's argument, however, each case was dismissed for one of the grounds specified in § 1915(g).

In *Finely v. Painter*, No. 5:99-cv-00765, Chief Judge Haden explicitly labeled the action as "an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" (No. 5:99-cv-00765, Docket 8 at 1-2.) Likewise, in *Finely v. Painter*, 5:00-cv-00209, Judge Faber labeled that action one that "'was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted' pursuant to 28 U.S.C. § 1915(g)." (No. 5:00-cv-00209, Docket 12 at 1.)

With respect to the third case, *Finely v. Rubenstein*, 5:03-cv-00066, while one of Plaintiff's claims was dismissed for failure to exhaust, the Court granted the defendants' motion to dismiss for failure to state a claim as to the other cause of action. (*See* No. 5:03-cv-00066, Docket 32 at 6, 11.) The dismissal of one claim for failure to exhaust does not preclude the entire case from being considered a strike under § 1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 372-73 (6th Cir. 2007) (concluding that the district court properly characterized a dismissal as a strike where six of the plaintiff's eight claims were dismissed with prejudice for failure to state a claim and two were

3

dismissed without prejudice for failure to exhaust administrative remedies). As such, these three cases are counted as strikes under § 1915(g).[*]

Accordingly, the Court finds no error in the magistrate judge's proposed finding that, while incarcerated or detained, Plaintiff has previously filed at least three actions which have been dismissed as frivolous, malicious or for failure to state a claim. Moreover, his objection contains no allegation of a threat of imminent danger of serious physical injury. Without such an allegation, Plaintiff's complaint must be dismissed unless he has paid the filing fee, which he has not done. Thus, Plaintiff's objection is **OVERRULED**.

To the extent that the PF&R recommends allowing Plaintiff ten additional days to file the $350 filing fee before dismissing his complaint with prejudice, the Court declines to adopt that recommendation. Rather, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also Ibarra-Villalva v. Bureau of Prisons*, No. 3:07-cv-39, 2007 U.S. Dist. LEXIS 48789, at *4 (N.D. W. Va. July 3, 2007) (Bailey, J.).

Accordingly, the Court **ADOPTS** the PF&R in part [Docket 12], **OVERRULES** Plaintiff's Objections [Docket 13], **DENIES** Plaintiff's Motion for Temporary Restraining Order [Docket 10],

---

[*] The Court notes that Plaintiff filed at least one other case in this district prior to the enactment of the PLRA: *Finley v. Egnor*, No. 3:92-cv-00377 (S.D. W. Va. Apr. 27, 1992) (Haden, J.). Because it was dismissed as frivolous, that case would also count as a strike. *See Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000) ("We agree with our sister circuits' analyses and, accordingly, join those circuits in holding that pre-§ 1915(g) dismissals for frivolousness, maliciousness, or failure to state a claim count as 'strikes' for purposes of § 1915(g)."). Further, the Court notes that Plaintiff did not appeal the dismissal of the three cases identified in the PF&R.

and **DISMISSES WITHOUT PREJUDICE** his Amended Complaint [Docket 7].  A Judgment Order will be entered this day implementing the rulings contained herein.

                ENTER:     June 30, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE